CANADY, C.J.,
concurring in result.
I concur with the decision to affirm Rig-terink’s convictions and sentences.
On the Miranda[11] issue, Rigterink has conceded in this proceeding on remand from the United States Supreme Court that the warning given to him met the requirements of federal law. He contends that the warning was nonetheless insufficient under the requirements of the Florida Constitution.
Accordingly, we need not — and cannot properly — now decide whether the Miranda warning was inadequate under federal law.[12] Based on the argument presented by Rigterink, the question for us to decide is whether a warning which has been conceded to meet federal requirements is nonetheless inadequate under the Florida Constitution.
This Court has never held that a Miranda warning that was sufficient under federal law was insufficient under Florida law. The prohibition in article I, section 9, Florida Constitution, against compelling *901 any person “in any criminal matter to be a witness against oneself’ provides no basis for imposing requirements more exacting than those imposed by Miranda and its progeny. The right of access to counsel is the same under Florida law as under federal law. If a warning explaining the right of access to counsel is adequate under federal law, it will necessarily be adequate under Florida law.
I therefore reject Rigterink’s argument that Florida law imposes more stringent requirements than the requirements imposed by Miranda and its progeny.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. When Rigterink raised the federal law issue in the earlier proceedings before this Court, I expressed the dissenting view that the warning was sufficient under federal law. See Rigterink v. State, 2 So.3d 221, 261-62 (Fla.2009) (Canady, J., dissenting).